﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190909-29306
DATE: October 30, 2020

ORDER

Service connection for sleep apnea as secondary to post-traumatic stress disorder (PTSD) is granted. 

FINDING OF FACT 

The Veteran’s sleep apnea is proximately due to his service-connected PTSD. 

CONCLUSION OF LAW

The criteria for service connection for sleep apnea as secondary to PTSD are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1974 to February 1974 and March 1976 to June 1976.

A rating decision was issued under the legacy system in December 2015. In June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. In December 2018, the Veteran selected the supplement claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in August 2019, which is the decision on appeal. In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Service connection for sleep apnea

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Turning to the evidence of record, the AOJ made the following favorable findings in the August 2019 rating decision: (1) Post service treatment records from April 2012 show a report of snoring, daytime sleepiness and waking up feeling fatigued; (2) Post service treatment records from a November 2015 sleep study show a diagnosis of sleep apnea; (3) Lay testimony submitted in July 2017 attested to the Veterans trouble sleeping and apneas; (4) A private medical opinion dated February 2018 suggested a relationship between PTSD and sleep apnea. The Board is bound by favorable findings made by the AOJ. 38 C.F.R. § 3.104(c).

Service treatment records do not reflect any symptoms of or treatment for sleep apnea.

The Veteran is service-connected for PTSD effective January 2009. 

In February 2018, a letter from a private physician opined that the Veteran’s sleep apnea was more likely than not secondary to his service-connected PTSD. This opinion was based on the rationale that his “PTSD more likely than not, is either the sole, or by a vast percentage, the major cause of his sleep apnea. The causal nexus primarily, more likely than not, is neural mechanisms mediated by autonomic and involuntary responses to the PTSD or similar-manifest psychiatric illness.” The letter provided a list of references in support of the physician’s opinion. The private physician is a neurologist with experience & training in internal medicine, thoracic & pulmonary diseases (including sleep apnea), and has provided expert analytic services to the Department of Defense as a special adviser in medical evaluation for military personnel. 

The Veteran underwent a VA examination in December 2018. The examiner did not report of any clinical examination of the Veteran, including no current measurement of height, weight, neck circumference, or inspection of ear/nose/throat anatomy, and no pulmonary function testing. The only clinical exam data cited are of a 2015 weight and body mass index (BMI). The examiner opined that sleep apnea was less likely than not due to or the result of the Veteran’s service-connected condition, PTSD. This was based on the rationale that the Veteran’s age and obesity were the most predictive factors (at least as likely as not the cause for his sleep apnea). The examiner noted that literature does not support a direct causal relationship of a mental health condition to sleep apnea.

In an October 2019 addendum letter, the private physician repeated the opinion and rationale given in the February 2018 letter while citing to extensive medical studies that confirm strong statistical association between service-related PTSD and sleep apnea. The studies indicated that the causal linkage between service-related PTSD and sleep apnea is neurophysiologic: the “nexus is breathing suppression in the central nervous system during dreams and deep sleep in these individuals caused by the PTSD, and increased throat muscle tension (obstruction induced by muscle contraction), but not tissue laxity or anatomic mass obstruction, during sleep.” The common risk factors for sleep apnea, such as obesity or pharyngeal laxity, were unrelated to the causal linkage between service-related PTSD and sleep apnea. In Applying a February 2013 study published by the National Library of Medicine, the Veteran’s BMI level (classified as mild) would be considered only a small contribution to causation of severity of sleep apnea. The private physician further opined that more likely than not, PTSD is the sole or vastly predominant cause of the Veteran’s sleep apnea, any obesity notwithstanding. 

In the October 2019 addendum letter, an expert review of the December 2018 VA examination criticized that the VA examiner relied on end conclusions rather than basic data and did not provide specific references to the statement(s) made so that the reader would be able to verify the source of the comment. The private physician found issue that the December 2018 VA examiner did not report of any clinical examination of the individual, despite it being an in-person exam. 

The Board finds that the evidence is at least in equipoise as to whether this Veterans sleep apnea is related to PTSD. The sources cited in the February 2018 and October 2019 letters give support to the private physician’s opinion that the Veteran’s sleep apnea is secondary to his service-connected PTSD. In contrast, although the December 2018 VA examiner relied on well-known studies which concluded that literature does not support a direct causal relationship of a mental health condition to sleep apnea, the examiner failed to provide citations for these studies. Moreover, the VA examiner failed to provide a current weight, BMI and other clinical findings of the examination despite is being an in-person exam. The VA examiner failed to address the private opinion from February 2018. The Board thus finds the opinions of the Veteran's private physician to be more probative. For these reasons, the Board finds that the evidence is at least in equipoise as to whether sleep apnea is related to PTSD, and service connection is therefore granted.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.M. Edwards, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.